Block vs. Bordelon.

## No. 1288.

### SIMON BLOCK VS. REMI BORDELON, ADMINISTRATOR.

A proceeding taken by an interested party, under the provisions of R. S., secs. 10 and 3698, on an administrator to show cause why he should not furnish additional security upon his bond, may be by rule.

But with the demand for this *specific* relief, that for the destitution of such fiduciary cannot be cumulated. The latter can only be accomplished by means of suit in the ordinary form.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Overton, J.

*A. V. Coco* for Plaintiff and Appellant.

*Joffrion & Bordelon* and *Thorpe & Peterman* for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. Plaintiff alleging that the sureties on the bond of defendant as the administrator of his wife's succession are insufficient, and have not means, or property, adequate to meet their liability thereon, instituted this proceeding, by *rule* upon defendant, to show cause why he should not furnish additional security.

The prayer of his petition is that said administrator show cause why he should not furnish additional security; and that a day be fixed by the court for the *return of the rule;*" and, after hearing, "that the same be made absolute, and that said  *  *  administrator be ordered to give *additional and sufficient security*  *  *  *within a delay to be fixed,*" etc.

Then follows the further and additional prayer, viz.: "and should he fail to *give such security* within the time thus fixed, that he be deprived of his office, and petitioner appointed in his stead, upon his furnishing the security required by law."

Thereupon the District Judge granted the rule on defendant to show cause why he should not furnish additional security, and fixed the 28th of May, 1887, for the return to be made in open court; and directed that the defendant be duly notified thereof.

On the 20th of May, 1887, service of the petition and order was regularly made on the defendant.

Without making an answer to the merits, he excepted *in limine* on the *sole* ground that plaintiff is not entitled under the law "to obtain the relief and decree prayed for, by proceeding by *rule*, but is required to proceed thefor by *direct action;*" and he prayed that the rule be discharged.

Block vs. Bordelon.

This exception was sustained and the rule discharged and plaintiff has appealed.

The statute on the authority of which this proceeding was instituted provides that any person interested shall have the right to require an administrator to furnish new or additional security " as often as once in every twelve months, and oftener, if the court, *on motion to that effect,* may judge it to be necessary." R. S., sec. 10, 3698; R. C. C., 1195, 1673.

We do not understand this language to import the necessity of citation, in the ordinary form, to the administrator; nor does it, by any fair interpretation, imply that an ordinary suit should be brought against him.

In a similar matter a complaining heir proceeded by *rule* against an administrator to show cause why he should not furnish new and additional security, and it was approved by this court. Succession of Labauve, 38 Ann. 235.

The defendant's reliance is placed on Fischel vs. Mercier, 32 Ann. 706, as expressing a contrary view; but we think there is no analogy between the two decisions; and the one is not opposed to the other. In the latter, the court had under consideration a clause of the revenue law of 1874, directing the mode to be pursued by purchasers at tax sales, in causing themselves to be put in possession of property purchased. It said of that statute, that it *did not provide* that such proceeding should be by *rule,* though it was "no doubt the intention of it, that the proceedings should be *summary* in their character." The court held that the one authorized "was a judicial proceeding with all of its incidents and characteristics," and must be governed by the general rules of law applicable thereto. "Those general rules undoubtedly require every judicial demand to be commenced by petition and citation."

But the language of the law invoked by the plaintiff does not contemplate that resort be had to petition and citation, as in ordinary suits; but that such proceeding should be by simple *motion.* Nor is such a proceeding an *independent* one. It is merely *ancillary* to the mortuary proceedings, and pertains to the proper conduct and efficient administration of the succession, under the administrator's control. In the attainment of that object, simplicity of form and celerity of action are manifestly necessary, as indicated by the statute.

The only difficulty that is presented here arises from the plaintiff's alternative prayer, that the defendant be removed in case he fail to furnish such additional security as the judgment of the court shall require, and that he shall be appointed in his place and stead.

In so doing plaintiff has improperly blended with his demand for relief under the statute above quoted that permitted under R. S. 17 and 3717.

Under the latter sureties may be relieved from *further* liability, and, on due proof of maladministration by the administrator, he may be required to furnish a *new* bond; and upon his failure to do so, within three days after that fact has been judicially ascertained, he may be " forthwith removed," and another appointed in his place.

But that statute, in terms, provides that such proceedings shall be by petition and citation.

The two proceedings are intended to accomplish different results. One is predicated upon the insufficiency of the sureties; and the other upon maladministration by the administrator.

If, after judgment has been rendered upon the trial of the rule to show cause, determining the insufficiency of the sureties on defendant's bond, the latter should fail or refuse to furnish such additional security as is thereby required, he might be destituted; but it could only be accomplished by a *direct action.*   Succession of Boyd, 12 Ann. 611.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered in the court below, it is ordered, adjudged and decreed that the defendant's exception be overruled, and the cause remanded to the lower court to be further proceeded with, according to law, upon the rule taken upon the defendant to show cause why he should not furnish additional security; and that the plaintiff's alternative prayer be disregarded; and that all cost be taxed against the plaintiff and appellee.